# Supreme Court of Florida

_____

No. SC13-1733

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2013-05.**

[December 11, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

In 2013, this Court authorized for publication and use amended Standard

Criminal Jury Instructions 25.9–25.13, which pertain to various drug trafficking

offenses. See In re Std. Jury Instrs. in Crim. Cases—Instrs. 25.9–25.13, 112 So. 3d

1211 (Fla. 2013). In our opinion in that case, we asked the Committee to "review

jury instructions 25.2–25.8 and make a recommendation to the Court whether any

amendments to those instructions are warranted in light of the Court's decision

here, or in light of [State v.] Adkins [96 So. 3d 412 (Fla. 2012).]"[1] We also asked

the Committee for a recommendation as to "whether instructions 25.9–25.13

should be amended in light of Smith v. United States, 133 S. Ct. 714 (2013)." In re

Std. Jury Instrs. in Crim. Cases, 112 So. 3d at 1212.[2] In response to our requests

for recommendations on these points, the Committee has filed the current report

proposing further amendments to the aforementioned instructions, proposing

amendments to other standard instructions pertaining to drug offenses, and

proposing two entirely new instructions. This Court directed that the proposals be

published in The Florida Bar News. No comments have been filed with the Court

in response to publication.

The Committee's proposed changes affect the following existing criminal

jury instructions: 25.2 (Drug Abuse—Sale, Purchase, Manufacture, Delivery, or

---

1. In State v. Adkins, this Court found that section 893.101, Florida Statutes (2011), had "expressly eliminate[d] knowledge of the illicit nature of the controlled substance as an element of controlled substance offenses and expressly create[d] an affirmative defense of lack of knowledge of the illicit nature of the substance." 96 So. 3d at 416 (plurality opinion with three justices concurring and two justices concurring in result). The Court upheld the statute as constitutional against a facial due process challenge. Id. at 412, 423 (plurality opinion with three justices concurring and two justices concurring in result).

2. In Smith v. United States, the United States Supreme Court held, in a case involving a charge of criminal conspiracy where the defendant claimed to have withdrawn from the conspiracy, that there was no violation of due process in placing the burden of proving withdrawal on the defendant. 133 S. Ct. at 720-21.

2

Possession with Intent); 25.3 (Drug Abuse—Sale, Purchase, Delivery, or Possession in Excess of Ten Grams); 25.4 (Drug Abuse—Delivery to or Use of Minor); 25.5 (Drug Abuse—Bringing into State); 25.6 (Drug Abuse—Contraband in Specified Locations); 25.7 (Drug Abuse—Possession); 25.8 (Drug Abuse— Obtaining Controlled Substance by Fraud, etc.); 25.9 (Trafficking in Cannabis); 25.10 (Trafficking in Cocaine); 25.11 (Trafficking in Morphine, Opium, Oxycodone, Hydrocodone, Hydromorphone, [or] Heroin); 25.12 (Trafficking in Phencyclidine); 25.13 (Trafficking in Methaqualone); 25.14 (Drug Abuse—Use or Possession of Drug Paraphernalia); 25.15 (Drug Abuse—Delivery, Possession with Intent to Deliver, or Manufacture with Intent to Deliver Drug Paraphernalia); 25.16 (Drug Abuse—Delivery of Drug Paraphernalia to a Minor); 25.17 (Contraband in County Detention Facility); and 25.18 (Contraband in Juvenile Facility). The Committee proposes that we also authorize for publication and use the following new instructions: 25.20 (Possession of Contraband in or Upon the Grounds of a State Correctional Institution); and 25.21 (Introduction or Removal of Contraband into or from a State Correctional Institution). We authorize the proposed amended and new instructions for publication and use except as noted below.

In its report, the Committee states that it found the law was uncertain on the issue of whether "knowledge of presence" is a required element of certain drug offenses. With respect to certain offenses, the Committee found that "knowledge

3

of presence" may or may not be an element.  The Committee proposes to address this uncertainty by including optional instructions along with notes and comments to explain the issue.

Currently, Instruction 25.2 (Sale, Purchase, Manufacture, Delivery, or Possession with Intent) lists the following as element 3: "Defendant had knowledge of the presence of the substance," preceded by an advisory note saying, "Give if possession is charged."  The Committee proposes to change the advisory note to read: "Give element #3 if Possession with Intent to Sell, Purchase, Manufacture or Deliver is charged.  It is unclear whether element #3 must be given for Sale, Manufacture, Delivery, or Purchase of a Controlled Substance.  See Comment section."

Current Instruction 25.3 (Sale, Purchase, Delivery, or Possession in Excess of Ten Grams) includes as element 3, "Defendant had knowledge of the presence of the substance," preceded by a note saying, "Give if possession is charged."  The Committee proposes to change the note to read: "Give element #3 if possession is charged.  It is unclear whether element #3 must be given for Sale, Purchase, or Delivery of a controlled substance.  See Comment section."

Instruction 25.4 (Delivery to or Use of a Minor) does not currently include "knowledge of presence" as an element.  The Committee proposes to add it as element 4, reading, "Defendant had knowledge of the presence of the substance,"

4

preceded by a note saying, "It is unclear whether element #4 must be given for Delivery of a Controlled Substance. See Comment section."

Instruction 25.5 (Bringing into State) currently includes as element 3: "Defendant had knowledge of the presence of the substance." The Committee proposes adding a note preceding element 3 reading, "It is unclear whether element #3 must be given. See Comment section."

Instruction 25.6 (Contraband in Specified Locations) currently includes as element 4: "Defendant had knowledge of the presence of the substance." The Committee proposes to add the following advisory notes: "Give element #4 if Possession with Intent to Sell, Manufacture or Deliver is charged. It is unclear whether element #4 must be given for Sale, Manufacture, or Delivery of a Controlled Substance. See Comment section."

With some variations in the language, the Committee proposes adding comments to all five of the above-listed instructions explaining the issue as follows:

> Unlike the trafficking statutes, the statutes for these crimes do not contain the word "knowingly." Also, the affirmative defense statute of section 893.101, Florida Statutes, addresses only "knowledge of illicit nature" and not "knowledge of presence." Because of case law, "knowledge of presence" is an element of possession, which is why [an instruction on knowledge of presence] must be given if the defendant is charged with [possession or possession with intent]. See State v. Oxx, 417 So. 2d 287 (Fla. 5th DCA 1982). However, there is an absence of case law as to whether "knowledge of presence" is an element of [other offenses covered by

5

these five instructions] or whether "lack of knowledge of presence" is an affirmative defense. In the absence of case law, trial judges must decide this issue.

We decline to authorize the Committee's proposed amendments to these five instructions insofar as the treatment of "knowledge of presence" is concerned.

In State v. Adkins, 96 So. 3d at 414-16, this Court addressed a facial challenge to the constitutionality of section 893.101, Florida Statutes (2011).[3] The

---

3. As currently codified the statute is identical. See § 893.101, Fla. Stat. (2014). This statute was created by chapter 2002-258, Laws of Florida, which provided:

> Section 1. Section 893.101, Florida Statutes, is created to read:
>
> 893.101 Legislative findings and intent.—
>
> (1) The Legislature finds that the cases of Scott v. State, [808 So. 2d 166] (Fla. 2002), and Chicone v. State, 684 So. 2d 736 (Fla. 1996), holding that the state must prove that the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
>
> (2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
>
> (3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissive presumption provided in this subsection.

lower court had held that the statute's purported elimination of the requirement of knowledge of the illicit nature of a controlled substance as an element of offenses under chapter 893, Florida Statutes (2011), was a violation of the requirements of due process of law under the United States and Florida Constitutions.  This Court reversed that decision.  See Adkins, 96 So. 3d at 412, 423.  In its analysis of the constitutionality of 893.101, the plurality opinion said, "The statute does not eliminate the element of knowledge of the presence of the substance . . . ."  Id. at 416.  An opinion concurring in result found that the statute "continue[d] to require the State to prove that a defendant had knowledge of the presence of the controlled substance as an element of drug-related offenses."  Id. at 424 (Pariente, J., concurring in result).  The effect of section 893.101 was to exclude "knowledge of the illicit nature of a controlled substance" as an element of "any offense under this chapter."  In Adkins, in the process of finding the statute constitutional, a majority of the Court found that "knowledge of the presence" continued to be an element of drug-related offenses.  More recently, the Court observed:

> In Adkins, a majority of the Court held that the guilty knowledge element, in light of the express language in section 893.101, Florida Statutes (2011), is limited to knowledge of the presence of the substance sold, purchased, manufactured, delivered, or brought into the state. [96 So. 3d] at 423.  Knowledge of the illicit nature of the controlled substance is, under the statute, an affirmative defense.

In re Std. Jury Instrs. in Crim. Cases—Instrs. 25.9–25.13, 112 So. 3d 1211, 1211 (Fla. 2013).

7

We agree with the Committee that the issue of whether knowledge of the presence of the controlled substance is an element of a given offense may be a legal issue that must be decided based on the provisions of the particular statute, court decisions applying the statutes, and the circumstances of the case. But we do not agree that trial judges should be told that under certain circumstances the lack of knowledge of the presence of the substance should be treated as an affirmative defense. This is contrary to what we said in Adkins and In re Standard Jury Instructions. We therefore do not authorize those parts of the proposed amendments that address the treatment of "knowledge of presence" by indicating that under certain circumstances lack of knowledge of presence may be an affirmative defense. The notes and comments proposed by the Committee that address this point are not authorized for publication.[4]

With the changes noted above, we authorize the amended instructions for publication and use as set forth in the appendix. New language is indicated by underlining, and deleted language is indicated by struck-through type.[5] In

_____

4. With respect to Instruction 25.4 (Delivery to or Use of Minor), we authorize the amendment adding "knowledge of presence" as an element, but not the explanatory note or the comment.

5. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on

authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The amended instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

---

the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, and Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Neil Schneider, Staff Liaison, Office of the States Court Administrator, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 25.2 ~~DRUG ABUSE~~ – SALE, PURCHASE, MANUFACTURE, DELIVERY, OR POSSESSION WITH INTENT <u>TO SELL, PURCHASE, MANUFACTURE, OR DELIVER</u>
§ 893.13(1)(a) and (2)(a), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged), **the State must prove the following** (applicable number) **elements beyond a reasonable doubt:**

1.   (Defendant) **<u>[sold] [manufactured] [delivered] [purchased] [possessed with intent to [sell] [manufacture] [deliver] [purchase]] a certain substance.</u>**

> ~~[sold]~~
> ~~[purchased]~~
> ~~[manufactured]~~
> ~~[delivered]~~
> ~~[possessed with intent to sell]~~
> ~~[possessed with intent to purchase]~~
> ~~[possessed with intent to manufacture]~~
> ~~[possessed with intent to deliver]~~

~~a certain substance.~~

2.   **The substance was** (specific substance alleged)**.**

*Give if possession is charged.*
3.   (Defendant) **had knowledge of the presence of the substance.**

<u>*Delivery of 20 Grams or Less of Cannabis without consideration is a misdemeanor. See § 893.13(3), Fla. Stat. If the State charges the felony of Delivery of More Than 20 Grams of Cannabis, the jury must make a finding as to the weight.*</u>
**<u>3. or 4.  The cannabis weighed more than 20 grams.</u>**

*Definitions.  Give as applicable.*

11

*Cannabis. § § § 893.02(3); 893.13(3); 893.13(6)(b), Fla. Stats.*
**Cannabis means all parts of any plant of the genus *Cannabis*, whether growing or not and the seeds thereof.**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.**

*Deliver. § 893.02(5), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*
~~**To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.**~~

~~**Possession may be actual or constructive.**~~

**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and :**

> a. The ~~controlled~~ substance is in the hand of or on the person, or
> b. The ~~controlled~~ substance is in a container in the hand of or on the person,
> or

12

c. The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.

*Give if applicable.*
~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

*Constructive possession.*
Constructive possession means the <u>person is aware of the presence of the substance, the</u> ~~controlled~~ substance is in a place over which the ~~(defendant)~~ <u>person</u> has control, and the person has the ability to control the substance ~~or in which the~~ (defendant) ~~has concealed it~~.

*Give if applicable.*
<u>Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.</u>

*Give if applicable.*
In order to establish (defendant's) constructive possession of a ~~controlled~~ substance ~~if the controlled substance~~ <u>that was</u> ~~is~~ in a place ~~over which the~~ ~~(defendant)~~ **[he] [she]** ~~does~~ <u>did</u> not ~~have~~ control, the State must prove ~~the~~ (defendant's) (1) <u>knew that the substance was within [his] [her] presence</u> ~~has the control over the controlled substance~~ and (2) ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ <u>exercised control or ownership over the substance itself</u>.

*Joint possession.*
Possession <u>of a substance</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of the substance and may</u> jointly ~~possess an article, exercising~~ <u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of ~~that article~~ <u>the substance</u>.

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~

13

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the substance, [or]**

**b.** **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c.** **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*~~Knowledge of the illicit nature of the controlled substance.~~ Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
~~**Knowledge of the illicit nature of the controlled substance is not an element of the offense of**~~ (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense** **to** (crime charged)**.** (Defendant) **has raised this** ~~affirmative~~ **defense. ~~However, y~~**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** ~~(defendant)~~ **[he] [she] knew**

14

**of the presence of the controlled substance and exercised control or ownership over the substance.**~~was in actual or constructive possession of the controlled substance.~~

If ~~from the evidence~~ you are convinced **beyond a reasonable doubt** that (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of** (crime charged)**.**

**Lesser Included Offenses**

| SALE, PURCHASE, MANUFACTURE, DELIVERY OR POSSESSION WITH INTENT— 893.13(1)(a) and (2)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Possession of a Controlled Substance, if Possession With Intent is charged | | 893.13(6) | 25.7 |
| Delivery of 20 Grams or Less of Cannabis if Delivery of More than 20 Grams of Cannabis is charged | | 893.13(3) | 25.2 |
| | Attempt, except when delivery is charged | 777.04(1) | 5.1 |
| | ~~If delivery of cannabis is charged~~ | ~~893.13(3)~~ | |
| | ~~If possession of cannabis is charged~~ | ~~893.13(6)(b)~~ | |

| | If possession is charged and offense would be a second degree felony under 893.13(1)(a)1 | 893.13(6)(a) | |

**Comment**

If the State alleges the defendant possessed cannabis, in an amount more than 20 grams, with intent to sell, purchase, deliver, or manufacture the cannabis, there will be both a felony necessary lesser-included offense of simple possession and a misdemeanor lesser-included offense of simple possession. See ~~Note §§~~ ~~893.13(3) and~~ 893.13(6)(b), Fla. Stat.~~, if the charge involves possession or delivery without consideration of not more than 20 grams of cannabis~~.

If the State alleges the defendant possessed a controlled substance listed in § 893.03(1)(c)46.-50., 114.-142., 151.-159, or 166.-169., in an amount more than 3 grams, there will be both a felony necessary lesser-included offense of simple possession and a misdemeanor necessary lesser-included offense of simple possession. See § 893.13(6)(b).

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], ~~and~~ 2007 [969 So. 2d 245], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

**25.3 ~~DRUG ABUSE –~~ SALE, PURCHASE, DELIVERY, OR POSSESSION IN EXCESS OF TEN GRAMS**
§ 893.13(1)(b), (2)(b), and (6)(c), Fla. Stat.

*This instruction will have to be altered if a combination of substances is alleged.*

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following** (applicable number) **elements beyond a reasonable doubt:**

16

1.   (Defendant) **[sold] [purchased] [delivered] [possessed] a certain substance that weighed more than 10 grams.**

     ~~[sold]~~
     ~~[purchased]~~
     ~~[delivered]~~
     ~~[possessed]~~

     ~~more than 10 grams of a certain substance.~~

2.   **The substance was** (specific substance alleged)**.**

*Give if possession is charged*
3.   (Defendant) **had knowledge of the presence of the substance.**

*Definitions.  Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Deliver.  § 893.02(5), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed~~
~~Possession may be actual or constructive.~~

**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and :**

     a.   **The** ~~controlled~~ **substance is in the hand of or on the person, or**

17

> **b.** The ~~controlled~~ substance is in a container in the hand of or on the person, or

> **c.** The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.

*~~Give if applicable.~~*
~~**Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.**~~

*Constructive possession.*
**Constructive possession means the <u>person is aware of the presence of the substance,</u> the ~~controlled~~ substance is in a place over which the ~~(defendant)~~ <u>person</u> has control, and the person has the ability to control the substance ~~or in which the~~ (defendant) ~~has concealed it~~.**

*<u>Give if applicable.</u>*
**<u>Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.</u>**

*<u>Give if applicable.</u>*
**In order to establish** (defendant's) **constructive possession of a ~~controlled~~ substance ~~if the controlled substance~~ <u>that was</u> ~~is~~ in a place ~~over which the~~ ~~(defendant)~~ [he] [she] ~~does~~ <u>did</u> not ~~have~~ control, the State must prove ~~the~~** (defendant~~'s~~) **(1) <u>knew that the substance was within [his] [her] presence</u> ~~has the control over the controlled substance~~ and (2) ~~knowledge that the controlled substance was within the~~** (defendant's) ~~presence~~ **<u>exercised control or ownership over the substance itself</u>.**

*Joint possession.*
**Possession <u>of a substance</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of the substance and may</u> jointly ~~possess an article, exercising~~ <u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of ~~that article~~ <u>the substance</u>.**

~~**If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.**~~

18

**If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.**

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

a. **had direct physical custody of the substance, [or]**

b. **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

c. **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Knowledge of the illicit nature of the controlled substance. Affirmative defense: Lack of knowledge of illicit nature. Give if applicable.§ 893.101(2) and (3), Fla. Stat.*
**Knowledge of the illicit nature of the controlled substance is not an element of the offense of** (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to** (crime charged)**.** (Defendant) **has raised this affirmative defense. However, y**

19

**You** are permitted to presume that (defendant) **was aware of the illicit nature of the controlled substance if you find that** ~~(defendant)~~ **[he] [she] knew of the presence of the controlled substance and exercised control or ownership over the substance.**~~was in actual or constructive possession of the controlled substance.~~

**If** ~~from the evidence~~ **you are convinced** **beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of** (crime charged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of** (crime charged)**.**

## Lesser Included Offenses

| SALE, PURCHASE, DELIVERY,OR POSSESSION ~~OF MORE THAN~~ IN EXCESS OF 10 GRAMS — 893.13(1)(b), (2)(b), and (6)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Sale, purchase, or delivery of controlled substance if sale, purchase, or delivery is charged | | 893.13(1)(a) and (2)(a) | 25.2 |
| Possession of a controlled substance, if possession is charged | | 893.13(6) | 25.7 |
| | Attempt, except when delivery is charged | 777.04(1) | 5.1 |
| | ~~If possession is charged~~ | ~~893.13(6)(a)~~ | |

## Comment

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another.

20

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], and 2007 [969 So. 2d 245], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

## 25.4 DRUG ABUSE – DELIVERY OF A CONTROLLED SUBSTANCE TO OR USE OF MINOR
### § 893.13(4), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

*Give 1a, 1b, or 1c as applicable.*
1.  a.  {(Defendant) **delivered a certain substance to a person under the age of 18 years.}**

    b.  {(Defendant) **used or hired a person under the age of 18 years as an agent or employee in the sale or delivery of a certain substance.}**

    c.  {(Defendant) **used a person under the age of 18 years to assist in avoiding detection or apprehension for** (violation of chapter 893, Fla. Stat., alleged)**.}**

2.  **The substance was** (specific substance alleged)**.**

3.  (Defendant) **was 18 years of age or older at the time.**

4.  (Defendant) **had knowledge of the presence of the substance.**

*Definition.*
*Deliver. § 893.02(5), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

21

*Knowledge of the illicit nature of the controlled substance.* *Affirmative defense: Lack of knowledge of illicit nature.* Give if applicable.§ 893.101(2) and (3), Fla. Stat.

~~Knowledge of the illicit nature of the controlled substance is not an element of the offense of~~ (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense to** (crime charged). (Defendant) **has raised this** ~~affirmative~~ **defense.** ~~However, y~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) **[he] [she] knew of the presence of the controlled substance and exercised control or ownership over the substance.**~~was in actual or constructive possession of the controlled substance.~~

**If** ~~from the evidence~~ **you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** (defendant) **[him] [her] guilty of** (crime charged).

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** (defendant) **[him] [her] not guilty of** (crime charged).

**Lesser Included Offenses**

| DELIVERY OF A CONTROLLED SUBSTANCE TO OR USE OF A MINOR — 893.13(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~Sale, manufacture, delivery, etc.~~ Delivery of a Controlled Substance | | 893.13(1)(a) | 25.2 |
| | ~~Attempt, except when delivery is charged~~ | ~~777.04(1)~~ | ~~5.1~~ |
| | ~~If possession is charged and the offense would be a second degree felony under 893.13(1)(a)1~~ | ~~893.13(6)(a)~~ | |
| | ~~If possession of cannabis is charged~~ | ~~893.13(6)(b)~~ | |

22

| | If delivery of cannabis is charged | 893.13(3) | |
|---|---|---|---|

**Comment**

There is no crime of Attempted Delivery because the definition of "delivery" in § 893.03(6) Fla. Stat. includes the attempt to transfer from one person to another.

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], ~~and~~ 2007 [969 So. 2d 245], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

## 25.5 ~~DRUG ABUSE –~~ BRINGING A CONTROLLED SUBSTANCE INTO THE STATE
§ 893.13(5), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** ~~(crime charged)~~ **Bringing a Controlled Substance Into the State, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1.    (Defendant) **brought a certain substance into Florida.**

2.    **The substance was** (specific substance alleged)**.**

3.    (Defendant) **had knowledge of the presence of the substance.**

*~~Definition.~~*
*~~Possession.~~*
~~**To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.**~~

~~**Possession may be actual or constructive.**~~

~~**Actual possession means:**~~

23

~~a.~~ ~~the controlled substance is in the hand of or on the person, or~~

~~b.~~ ~~the controlled substance is in a container in the hand of or on the person, or~~

~~c.~~ ~~the controlled substance is so close as to be within ready reach and is under the control of the person.~~

~~*Give if applicable.*~~
~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

~~Constructive possession means the controlled substance is in a place over which the~~ (defendant) ~~has control, or in which the~~ (defendant) ~~has concealed it.~~

~~In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which the~~ (defendant) ~~does not have control, the State must prove the~~ (defendant's) ~~(1) control over the controlled substance and (2) knowledge that the controlled substance was within the~~ (defendant's) ~~presence.~~

~~Possession may be joint, that is, two or more persons may jointly possess an article, exercising control over it. In that case, each of those persons is considered to be in possession of that article.~~

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~

~~*Knowledge of the illicit nature of the controlled substance.*~~ *Affirmative defense: Lack of knowledge of illicit nature. Give if applicable.*§ 893.101(2) and (3), Fla. Stat.
~~Knowledge of the illicit nature of the controlled substance is not an element of the offense of~~ (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense <u>to</u>**

24

**Bringing a Controlled Substance Into the State.** (Defendant) **has raised this affirmative defense.** ~~However, y~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** ~~(defendant)~~ **[he] [she] knew of the presence of the controlled substance and exercised control or ownership over the substance.**~~was in actual or constructive possession of the controlled substance.~~

**If** ~~from the evidence~~ **you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of Bringing a Controlled Substance Into the State .**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of Bringing a Controlled Substance Into the State.**

**Lesser Included Offenses**

| BRINGING A CONTROLLED SUBSTANCE INTO THE STATE – 893.13(5) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~Sale, manufacture, delivery, etc.~~ | | ~~893.13(1)(a)~~ | ~~25.2~~ |
| | Attempt~~, except when delivery is charged~~ | 777.04(1) | 5.1 |
| | ~~If possession is charged and the offense would be a second degree felony under 893.13(1)(a)1~~ | ~~893.13(6)(a)~~ | |
| | ~~If possession of cannabis is charged~~ | ~~893.13(6)(b)~~ | |
| | ~~If delivery of cannabis is charged~~ | ~~893.13(3)~~ | |

25

**Comment**

This instruction was adopted in 1981 and amended in 1997 [697 So. 2d 84] ~~and~~ 2007 [969 So. 2d 245], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

**25.6 ~~DRUG ABUSE – CONTRABAND~~ SELL, MANUFACTURE, DELIVER, OR POSSESSION WITH INTENT TO SELL, MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE IN SPECIFIED LOCATIONS**
§ 893.13(1)(c) – (f)~~,~~ and (h) Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged)**, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

1. (Defendant) **[sold] [manufactured] [delivered] [possessed with intent to [sell] [manufacture] [deliver]] a certain substance.**

   ~~[sold]~~
   ~~[manufactured]~~
   ~~[delivered]~~
   ~~[possessed with intent to sell]~~
   ~~[possessed with intent to manufacture]~~
   ~~[possessed with intent to deliver]~~

   ~~a certain substance.~~

*Give ~~2a, or 2b~~ as applicable. § 893.13(1)(c)~~-~~(f) and (h), Fla. Stat.*
   2.~~a.~~ **The [sale] [manufacture] [delivery] [possession with intent to [sell] [manufacture] [deliver]] took place in, on, or within 1,000 feet of:**

   **[the real property comprising a child care facility]:**

   **[the real property comprising a public or private [elementary]~~,~~ [middle]~~, or~~ [secondary] school between the hours of 6:00 a.m. and 12:00 midnight]:~~.~~**

26

**[the real property comprising [a state, county, or municipal park] [a community center] [a publicly-owned recreational facility];**

**[the real property comprising a public or private college, university, or other postsecondary educational institution];**

**[a physical place for worship at which a church or religious organization regularly conducts religious services];**

**[a convenience business];**

**[the real property comprising a public housing facility];**

**[the real property comprising an assisted living facility].**

*§ 893.13(1)(c-f), Fla. Stat.*
~~b.      in, on, or within 1000 feet of [the real property comprising a public housing facility] [the real property comprising a public or private college, university, or other postsecondary educational institution] [a state, county or municipal park] [a community center] [a publicly owned recreation facility] [a physical place for worship at which a church or religious organization regularly conducts religious services] [a convenience business].~~

3. **The substance was** (specific substance alleged)**.**

4. (Defendant) **had knowledge of the presence of the substance.**

*Definitions.  Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture.  § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly.**

27

**Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.**

*Deliver.  § 893.02(5), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~
~~Possession may be actual or constructive.~~

**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the substance and :**

> a. **The ~~controlled~~ substance is in the hand of or on the person, or**
> b. **The ~~controlled~~ substance is in a container in the hand of or on the person, or**
> c. **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

*~~Give if applicable.~~*
~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the substance,  the ~~controlled~~ substance is in a place over which the ~~(defendant)~~ person has control, and the person has the ability to control the substance ~~or in which the~~ (defendant) has concealed it.**

*Give if applicable.*
**Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a** ~~controlled~~ **substance** ~~if the controlled substance~~ **that was** ~~is~~ **in a place** ~~over which the~~ ~~(defendant)~~ **[he] [she]** ~~does~~ **did** not ~~have~~ **control, the State must prove** ~~the~~ (defendant~~'s~~) **(1)** **knew that the substance was within [his] [her] presence** ~~has the control over the controlled substance~~ **and (2)** ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ **exercised control or ownership over the substance itself.**

*Joint possession.*
**Possession** **of a substance** **may be** **sole or** **joint, that is, two or more persons may** **be aware of the presence of the substance and may** **jointly** ~~possess an article, exercising~~ **exercise** **control over it. In that case, each of those persons is considered to be in possession of** ~~that article~~ **the substance.**

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.  had direct physical custody of the substance, [or]**

**b.  was within ready reach of the substance and the substance was under [his] [her] control, [or]**

29

**c. had exclusive control of the place where the substance was located, you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Definitions. Give as applicable.*
*Child care facility. § 402.302 Fla. Stat.*
**"Child care facility" means any child care center or arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care. It does not matter if the child care facility is operated for profit or as a nonprofit operation.**

*Convenience business. § 812.171 Fla. Stat.*
**A "convenience business" means any place of business that is primarily engaged in the retail sale of groceries, or both groceries and gasoline, and that is open for business at any time between the hours of 11 p.m. and 5 a.m. The term does not include any of the following: a business that is primarily a restaurant, or one that always has at least five employees on the premises after 11 p.m. and before 5 a.m., or one that has at least 10,000 square feet of retail floor space. The term "convenience business" also does not include any business in which the owner or members of [his] [her] family work between the hours of 11 p.m. and 5 a.m.**

*Real property comprising a public housing facility. § 421.03(12) Fla. Stat.*
**The term "real property comprising a public housing facility" is defined as the real property of a public corporation created as a housing authority by statute.**

30

*Community Center. §893.13(1)(c) Fla. Stat.*
**The term "community center" means a facility operated by a nonprofit community-based organization for the provision of recreational, social, or educational services to the public.**

*Assisted living facility. § 429.02(5) Fla. Stat.*
**"Assisted living facility" means any building or buildings, section or distinct part of a building, private home, boarding home, home for the aged, or other residential facility, whether operated for profit or not, which undertakes through its ownership or management to provide housing, meals, and one or more personal services for a period exceeding 24 hours to one or more adults who are not relatives of the owner or administrator.**

*~~Knowledge of the illicit nature of the controlled substance.~~ Affirmative defense: Lack of knowledge of illicit nature. Give if applicable.§ 893.101(2) and (3), Fla. Stat.*
**~~Knowledge of the illicit nature of the controlled substance is not an element of the offense of~~** (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is ~~an affirmative~~ defense to** (crime charged). (Defendant) **has raised this ~~affirmative~~ defense. ~~However, y~~**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** ~~(defendant)~~ **[he] [she] knew of the presence of the controlled substance and exercised control or ownership over the substance.~~was in actual or constructive possession of the controlled substance.~~**

**If ~~from the evidence~~ you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of** (crime charged).

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of** (crime charged).

31

## Lesser Included Offenses

| ~~DRUG ABUSE — CONTRABAND~~ SELL, MANUFACTURE, DELIVER, OR POSSESSION WITH INTENT TO SELL, MANUFACTURE OR DELIVER A CONTROLLED SUBSTANCE IN SPECIFIED LOCATIONS<br>— 893.13(1)(c) – (f) and (h) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~Drug abuse possession~~ Sale, Manufacture, or Delivery of a controlled substance, if Sale, Manufacture, or Delivery is charged | | ~~893.13(6)(a)~~<br>893.13(1)(a) | ~~25.7~~<br>25.2 |
| Possession of a Controlled Substance, if Possession with Intent to Sell, Manufacture, or Deliver is charged | ~~None~~ | 893.13(6) | 25.7 |

## Comment

~~This instruction is based on section 893.13, Florida Statutes (1997), and adapted from the standard instruction on sale of contraband near a school.~~

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2000 [765 So. 2d 692], ~~and~~ 2007 [969 So. 2d 245], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

## 25.7 ~~DRUG ABUSE~~ POSSESSION OF A CONTROLLED SUBSTANCE
§ 893.13(6)~~(a)~~, Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of** (crime charged) **Possession of a Controlled Substance, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

1.    (Defendant) ~~possessed a certain substance~~ **knew of the presence of a substance.**

2.    ~~The substance was~~ (specific substance alleged). (Defendant) **exercised control or ownership over that substance.**

3.    (Defendant) ~~had knowledge of the presence of the substance~~. **The substance was** (specific substance alleged)**.**

*§ 893.13(6)(b) Fla. Stat.*
*The jury must make a finding as to weight if the defendant is charged with possessing more than 20 grams of cannabis or more than 3 grams of a substance listed in § 893.03(1)(c)46-50, 114-142, 151-159, or 166-169 Fla. Stat.*
4.    **The [cannabis weighed more than 20 grams]** [(insert name of substance listed in 893.03(1)(c)46-50 , 114-142, 151-159, or 166-169) **weighed more than three grams].**

*§ 893.13(6)(c) Fla. Stat.*
*The jury must make a finding as to weight if the defendant is charged with violating § 893.13(6)(c) Fla. Stat.*
4.    **The** [(insert name of substance listed in 893.03(1)(a) or 893.03(1)(b)] **[combination of** (insert names of substances listed in 893.03(1)(a) or 893.03(1)(b)] **[mixture containing** (insert name of substance listed in 893.03(1)(a) or 893.03(1)(b)] **weighed more than 10 grams.**

*Definitions.*
*Give if applicable. Cannabis. § § 893.02(3), 893.13(6)(b) Fla. Stat.*
**Cannabis means all parts of any plant of the genus *Cannabis*, whether growing or not, and the seeds thereof [but does not include any resin extracted from the plant].**

*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed. Possession may be actual or constructive.~~ **There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*

**Actual possession means <u>the person is aware of the presence of the substance and</u>:**

    **a.**     **The ~~controlled~~ substance is in the hand of or on the person, or**

    **b.**     **The ~~controlled~~ substance is in a container in the hand of or on the person, or**

    **c.**     **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

*Give if applicable.*

~~**Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.**~~

*Constructive possession.*

**Constructive possession means <u>the person is aware of the presence of the substance,</u> the ~~controlled~~ substance is in a place over which the <u>person</u> ~~(defendant)~~ has control, <u>and the person has the ability to control the substance.</u> ~~or in which the~~ (defendant) ~~has concealed it.~~**

*Give if applicable.*

**<u>Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.</u>**

*Give if applicable.*

**In order to establish <u>(defendant's)</u> constructive possession of a ~~controlled~~ substance ~~if the controlled substance~~ <u>that was</u> ~~is~~ in a place ~~over which the~~ ~~(defendant)~~ <u>[he] [she]</u> ~~does~~ <u>did</u> not ~~have~~ control, the State must prove ~~the~~ (defendant~~'s~~) (1) <u>knew that the substance was within [his] [her] presence</u> ~~has the control over the controlled substance~~ and (2) ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ <u>exercised control or ownership over the substance itself</u>.**

*Joint possession.*

**Possession <u>of a substance</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of a substance and may</u> jointly ~~possess an article exercising~~ <u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of ~~that article~~ <u>the substance</u>.**

34

**If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.**

**If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

a. **had direct physical custody of the substance, [or]**

b. **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

c. **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Knowledge of the illicit nature of the controlled substance. Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § F.S. 893.101(2) and (3), Fla. Stat.*
**Knowledge of the illicit nature of the controlled substance is not an element of the offense of** (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the**

**crime of Possession of a Controlled Substance.** (Defendant) **has raised this** ~~affirmative~~ **defense.** ~~However, y~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** ~~(defendant)~~ **[he] [she] knew of the presence of the substance and exercised control or ownership over the substance.** ~~was in actual or constructive possession of the controlled substance.~~

**If** ~~from the evidence~~ **you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of Possession of a Controlled Substance.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of Possession of a Controlled Substance.**

### Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| POSSESSION OF A CONTROLLED SUBSTANCE – 893.13(6) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Possession of Less than 20 Grams of Cannabis or Possession of Less than 3 Grams of a Substance listed in 893.03(1)(c)46-50, 114-142, 151-159, or 166-169, if the felony level of these substances is charged | | 893.13(6)(b) | 25.7 |
| | Attempt | 777.04(1) | 5.1 |

36

**Comment**

Note § 893.13(6)(b), Fla. Stat., if the charge involves possession or delivery without consideration of not more than 20 grams of cannabis.

*Fla. Stat. §893.21*
A person acting in good faith who seeks medical assistance for an individual experiencing a drug-related overdose may not be prosecuted for Possession of a Controlled Substance if the evidence of the possession was obtained as a result of the person's seeking medical assistance.

A special instruction is necessary when the defense is a mere involuntary or superficial possession. See cases such as *Hamilton v. State*, 732 So. 2d 493 (Fla. 2d DCA 1999) and *Sanders v. State*, 563 So. 2d 781 (Fla. 1st DCA 1990).

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], and 2007 [969 So. 2d 245], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

## 25.8 DRUG ABUSE – OBTAINING A CONTROLLED SUBSTANCE BY FRAUD, ETC.
§ 893.13(7)(a)9, Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **is a controlled substance.**

**To prove the crime of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge], the State must prove the following three elements beyond a reasonable doubt:**

> [Misrepresentation]
> [Fraud]
> [Forgery]
> [Deception]
> [Subterfuge]

the State must prove the following three elements beyond a reasonable doubt:

1. (Defendant) **[acquired or obtained] [attempted to acquire or obtain] possession of a certain substance.**

37

**2.** **The substance was** (specific substance alleged)**.**

**3.** (Defendant) **[acquired or obtained] [attempted to acquire or obtain] the substance by [misrepresentation] [fraud] [forgery] [deception] [subterfuge].**

> [misrepresentation].
> [fraud].
> [forgery].
> [deception].
> [subterfuge].

*Affirmative defense: Lack of k~~K~~nowledge of the illicit nature of the controlled substance.  Give if applicable.  § 893.101(2) and (3), Fla. Stat.*
~~Knowledge of the illicit nature of the controlled substance is not an element of the offense of~~ (insert name of offense charged)~~.~~  **Lack of knowledge of the illicit nature of a controlled substance is ~~an affirmative~~ defense to the crime of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**  (Defendant) **has raised this ~~affirmative~~ defense.  ~~However, you are permitted to presume that~~** (defendant) ~~**was aware of the illicit nature of the controlled substance if you find that**~~ (defendant) ~~**was in actual or constructive possession of the controlled substance.**~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) **was in actual or constructive possession of the controlled substance.** *Read explanation of actual and/or constructive possession, as applicable.*

**If ~~from the evidence~~ you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty of Obtaining a Controlled Substance by [Misrepresentation] [Fraud] [Forgery] [Deception] [Subterfuge].**

38

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], ~~and~~ 2007 [969 So. 2d 245], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

## 25.9 TRAFFICKING IN CANNABIS
§ 893.135(1)(a), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." Cannabis is a controlled substance.**

**To prove the crime of Trafficking in Cannabis, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

   ~~[sold]~~
   ~~[purchased]~~
   ~~[manufactured]~~
   ~~[delivered]~~
   ~~[brought into Florida]~~
   ~~[possessed]~~

   ~~a certain substance.~~

2. **The substance was cannabis.**

3. **The cannabis [weighed more than 25 pounds] [constituted 300 or more cannabis plants].**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to*

39

*sell heroin but actually sold cannabis, instructions on elements 1 and 2 below would be given.*

1.  (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~,~~**.**

2.  **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cannabis.**

*Definitions. Give as applicable.*
*Cannabis. § 893.02(3), Fla. Stat.*
**"Cannabis" means all parts of any plant of the genus Cannabis whether growing or not.**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture. § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.**

*Deliver. § 893.02(5), Fla. Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~
~~Possession may be actual or constructive.~~

**There are two ways to exercise control: actual possession and constructive possession.**

40

*Actual possession.*

**Actual possession means the person is aware of the presence of the substance and :**

    a.    **The ~~controlled~~ substance is in the hand of or on the person, or**

    b.    **The ~~controlled~~ substance is in a container in the hand of or on the person, or**

    c.    **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

*~~Give if applicable.~~*

~~**Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.**~~

*Constructive possession.*

**Constructive possession means the person is aware of the presence of the substance, the ~~controlled~~ substance is in a place over which the ~~(defendant)~~ person has control, and the person has the ability to control the substance ~~or in which the~~ (defendant) ~~has concealed it.~~**

*Give if applicable.*

**Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.**

*Give if applicable.*

**In order to establish (defendant's) constructive possession of a ~~controlled~~ substance ~~if the controlled substance~~ that was ~~is~~ in a place ~~over which the~~ ~~(defendant)~~ [he] [she] ~~does~~ did not ~~have~~ control, the State must prove ~~the~~ (defendant's) (1) knew that the substance was within [his] [her] presence ~~has the control over the controlled substance~~ and (2) ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ exercised control or ownership over the substance itself.**

*Joint possession.*

**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly**

41

~~possess an article, exercising~~ exercise control over it. In that case, each of those persons is considered to be in possession of ~~that article~~ the substance.

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a. had direct physical custody of the substance, [or]**

**b. was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c. had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*~~A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant.~~ Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~ **However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Knowledge of the illicit nature of the controlled substance.* *Affirmative defense: Lack of knowledge of illicit nature.* *Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense to Trafficking in Cannabis.** ~~The defendant~~ (Defendant) **has raised this defense.** ~~You are permitted to presume that~~ (defendant) ~~was aware of the illicit nature of the controlled substance if you find that~~ (defendant) ~~was in actual or constructive possession of the controlled substance.~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Cannabis.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her]not guilty of Trafficking in Cannabis.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
~~You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Cannabis, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(a)1.-3., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*
   a. **[The cannabis weighed more than 25 pounds but less than 2,000 pounds.] [constituted 300 or more cannabis plants but not more than 2,000 cannabis plants.]]**

43

b. [The cannabis [weighed 2,000 pounds or more but less than 10,000 pounds.] [constituted 2,000 or more cannabis plants but not more than 10,000 cannabis plants.]]

c. [The cannabis [weighed 10,000 pounds or more.] [constituted 10,000 or more cannabis plants.]

**Lesser Included Offenses**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

| TRAFFICKING IN CANNABIS — 893.135(1)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Trafficking offenses requiring lower quantities of cannabis | | 893.135(1)(a)1 and 2 | 25.9 |
| *Possession of Cannabis, if Trafficking via Possession is charged | | *893.13(6) | 25.7 |
| | Attempt, except when delivery or conspiracy is charged | 777.04 | 5.1 |

**Comment**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is

44

supported by the evidence. For example, Possession of Cannabis is not a necessarily lesser-included offense of Trafficking in Cannabis via Sale. However, Possession of Cannabis is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.

\* Possession of More Than 20 Grams of Cannabis is a third-degree felony. Possession of Not More than 20 Grams of Cannabis is a first degree misdemeanor. See § 893.13(6) Fla. Stat.

Delivery of Less than 20 Grams of Cannabis Without Consideration is a first degree misdemeanor. See § 893.13(3) Fla. Stat.

There is no crime of Attempted Delivery because the definition of "delivery" in §893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], and 2013 [112 So. 3d 1211], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

## 25.10 TRAFFICKING IN COCAINE
§ 893.135(1)(b), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." Cocaine [or any mixture containing cocaine] is a controlled substance.**

**To prove the crime of Trafficking in Cocaine, the State must prove the following three elements beyond a reasonable doubt:**

1. **(Defendant) knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

   [sold]
   [purchased]
   [manufactured]
   [delivered]

45

~~[brought into Florida]~~
~~[possessed]~~

~~a certain substance.~~

2.      **The substance was [cocaine] [a mixture containing cocaine].**

3.      **The [cocaine] [mixture containing cocaine] weighed 28 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above.  For example, if it is alleged that the defendant intended to sell heroin but actually sold cocaine, instructions on elements 1 and 2 below would be given.*

1.  **(Defendant) intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess] (an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~,~~.**

2.  **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] cocaine or a mixture containing cocaine.**

*Definitions.  Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture.  § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis.  It can also be by a combination of extraction and chemical synthesis.**

46

*Deliver. § 893.02(5), Fla. Stat.*

**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*

~~To "possess"~~ means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.

~~Possession may be actual or constructive.~~

<u>**There are two ways to exercise control: actual possession and constructive possession.**</u>

*<u>Actual possession.</u>*

**Actual possession means <u>the person is aware of the presence of the substance and</u>:**

> a.    **The ~~controlled~~ substance is in the hand of or on the person, or**
>
> b.    **The ~~controlled~~ substance is in a container in the hand of or on the person, or**
>
> c.    **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

*~~Give if applicable.~~*

~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

*<u>Constructive possession.</u>*

**Constructive possession means the <u>person is aware of the presence of the substance,  the</u> ~~controlled~~ substance is in a place over which the** ~~(defendant)~~ **person has control, <u>and the person has the ability to control the substance</u> ~~or in which the~~** (defendant) ~~**has concealed it.**~~

*<u>Give if applicable.</u>*

<u>**Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.**</u>

47

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a** ~~controlled~~ **substance** ~~if the controlled substance~~ **that was** ~~is~~ **in a place** ~~over which the~~ ~~(defendant)~~ **[he] [she]** ~~does~~ **did** not ~~have~~ **control, the State must prove** ~~the~~ (defendant~~'s~~) **(1) knew that the substance was within [his] [her] presence** ~~has~~ ~~the control over the controlled substance~~ **and (2)** ~~knowledge that the~~ ~~controlled substance was within the~~ (defendant's) ~~presence~~ **exercised control or ownership over the substance itself**.

*Joint possession.*
**Possession of a substance may be sole or joint, that is, two or more persons may be aware of the presence of the substance and may jointly** ~~possess an article, exercising~~ **exercise control over it. In that case, each of those persons is considered to be in possession of** ~~that article~~ **the substance.**

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a. had direct physical custody of the substance, [or]**

**b. was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c. had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the**

48

**presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant.* <u>*Give if applicable.*</u> *See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~ **<u>However, you may infer that</u>** (defendant) **<u>knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.</u>**

~~*Knowledge of the illicit nature of the controlled substance.*~~ <u>*Affirmative defense: Lack of knowledge of illicit nature.*</u> *Give if applicable.§ 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense to <u>Trafficking in Cocaine</u>.** ~~The defendant~~ **(Defendant) has raised this defense.** ~~You are permitted to presume that~~ (defendant) ~~was aware of the illicit nature of the controlled substance if you find that~~ (defendant) ~~was in actual or constructive possession of the controlled substance.~~

**<u>You are permitted to presume that</u>** (defendant) **<u>was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.</u>**

**If** ~~from the evidence~~ **you are convinced <u>beyond a reasonable doubt</u> that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty <u>of Trafficking in Cocaine</u>.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her] not guilty <u>of Trafficking in Cocaine</u>.**

*~~Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).~~*
**~~You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.~~**

49

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in Cocaine, you must further determine by your verdict whether the State has further proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(b)1.-2., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

  a. **[The [cocaine][mixture containing cocaine] weighed 28 grams or more but less than 200 grams.]**

  b. **[The [cocaine][mixture containing cocaine] weighed 200 grams or more but less than 400 grams.]**

  c. **[The [cocaine][mixture containing cocaine] weighed 400 grams or more but less than 150 kilograms.]**

  d. **[The [cocaine][mixture containing cocaine] weighed 150 kilograms or more.]**

## Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

| TRAFFICKING IN COCAINE — 893.135(1)(b)1 & 2 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Trafficking offenses requiring lower quantities of cocaine | | 893.135(1)(b)1 | 25.10 |
| Possession of Cocaine, if Trafficking via Possession is charged | | 893.13(6)(a) | 25.7 |
| | Attempt except when delivery or conspiracy is charged | 777.04 | 5.1 |

## Comment

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Cocaine is not a necessarily lesser-included offense of Trafficking in Cocaine via Sale. However, Possession of Cocaine is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.

There is no crime of Attempted Delivery because the definition of "delivery" in §893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [SC05-1434, October 25, 2007 969 So. 2d 245], and 2013 [112 So. 3d 1211], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

## 25.11 TRAFFICKING IN [MORPHINE] [OPIUM] [OXYCODONE] [HYDROCODONE] [HYDROMORPHONE] [HEROIN] [(SPECIFIC SUBSTANCE ALLEGED)]
§ 893.135(1)(c), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances."** (Specific substance alleged) **or any mixture containing** (specific substance alleged) **is a controlled substance.**

51

**To prove the crime of Trafficking in** [(specific substance alleged)]**, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

    > ~~[sold]~~
    > ~~[purchased]~~
    > ~~[manufactured]~~
    > ~~[delivered]~~
    > ~~[brought into Florida]~~
    > ~~[possessed]~~

    ~~a certain substance.~~

2.  **The substance was [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin]** [(specific substance alleged)] **[a mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin]** [(specific substance alleged)]**.**

3.  **The [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin]** [(specific substance alleged)] **[mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin]** [(specific substance alleged)] **weighed 4 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, instructions on elements 1 and 2 below would be given.*

1.  (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~,~~**.**

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed]** (specific substance alleged) **or a mixture containing** (specific substance alleged)**.**

*Definitions.  Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture.  § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.**

*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~
~~Possession may be actual or constructive.~~

**<u>There are two ways to exercise control: actual possession and constructive possession.</u>**

*<u>Actual possession.</u>*
**Actual possession means <u>the person is aware of the presence of the substance and</u>:**

  a.  **The ~~controlled~~ substance is in the hand of or on the person, or**
  b.  **The ~~controlled~~ substance is in a container in the hand of or on the person, or**
  c.  **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

53

*Give if applicable.*
~~**Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.**~~

*Constructive possession.*
**Constructive possession means the <u>person is aware of the presence of the substance,  the</u> ~~controlled~~ substance is in a place over which the** ~~(defendant)~~ **person has control, <u>and the person has the ability to control the substance</u>** ~~or in which the~~ (defendant) ~~has concealed it.~~

*Give if applicable.*
**<u>Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.</u>**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of a** ~~controlled~~ **substance** ~~if the controlled substance~~ **<u>that was</u> is in a place** ~~over which the~~ ~~(defendant)~~ **[he] [she]** ~~does~~ **<u>did</u> not** ~~have~~ **control, the State must prove** ~~the~~ (defendant~~'s~~) **(1) <u>knew that the substance was within [his] [her] presence</u>** ~~has the control over the controlled substance~~ **and (2)** ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ **<u>exercised control or ownership over the substance itself</u>.**

*Joint possession.*
**Possession <u>of a substance</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of the substance and may</u> jointly** ~~possess an article, exercising~~ **<u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of** ~~that article~~ **<u>the substance</u>.**

~~**If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.**~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**<u>You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.</u>**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.**  **had direct physical custody of the substance, [or]**

**b.**  **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c.**  **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant. Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
~~**If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.**~~ **However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*~~Knowledge of the illicit nature of the controlled substance.~~ Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense to** **Trafficking in** (Substance Alleged)**.** ~~**The defendant**~~ (Defendant) **has raised this defense.** ~~**You are permitted to presume that**~~ (defendant) ~~**was aware of the illicit nature of the controlled substance if you find that**~~ (defendant) ~~**was in actual or constructive possession of the controlled substance.**~~

55

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercisedcontrol or ownership over the substance.**

**If** ~~from the evidence~~ **you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of Trafficking in** (Substance Alleged)**.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her]not guilty of Trafficking in** (Substance Alleged)**.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
~~**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Illegal Drugs, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(c)1.-2., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

   a. **[The [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [**(specific substance alleged)**] [mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [herioin] [**(specific substance alleged)**] weighed 4 grams or more but less than 14 grams.]**

   b. **[The [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [**(specific substance alleged)**] [mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [herioin] [**(specific substance alleged)**] weighed 14 grams or more but less than 28 grams.]**

   c. **[The [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [**(specific substance alleged)**] [mixture**

56

**containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [herioin] [(specific substance alleged)] weighed 28 grams or more but less than 30 kilograms.]**

d. **[The [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [heroin] [(specific substance alleged)] [mixture containing [morphine] [opium] [oxycodone] [hydrocodone] [hydromorphone] [herioin] [(specific substance alleged)] weighed 30 kilograms or more.]**

### Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

| TRAFFICKING IN ILLEGAL DRUGS — 893.135(1)(c)1 and 2 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Trafficking offenses requiring lower quantities of illegal drugs | | 893.135(1)(c)1 | 25.11 |
| Possession of a Controlled Substance, if Trafficking via Possession is charged | | 893.13(6)(a) | 25.7 |
| | Attempt, except where delivery or conspiracy is charged | 777.04 | 5.1 |

57

**Comment**

~~Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of a Controlled Substance is not a necessarily lesser-included offense of Trafficking in a Controlled Substance via Sale. However, Possession of a Controlled Substance is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.~~

There is no crime of Attempted Delivery because the definition of "delivery" in §893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], ~~and~~ 2013 [112 So. 3d 1211], and 2014. ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

## 25.12 TRAFFICKING IN PHENCYCLIDINE
§ 893.135(1)(d), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." Phencyclidine or any mixture containing phencyclidine is a controlled substance.**

**To prove the crime of Trafficking in Phencyclidine, the State must prove the following three elements beyond a reasonable doubt:**

1.     (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered] [brought into Florida] a certain substance.**

        ~~[sold]~~
        ~~[purchased]~~
        ~~[manufactured]~~
        ~~[delivered]~~

~~[brought into Florida]~~
~~[possessed]~~

~~a certain substance.~~

2.      The substance was [phencyclidine] [a mixture containing phencyclidine].

3.      The [phencyclidine] [mixture containing phencyclidine] weighed 28 grams or more.

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above.  For example, if it is alleged that the defendant intended to sell heroin but actually sold phencyclidine, instructions on elements 1 and 2 below would be given.*

1. (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~,~~.

2. **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] phencyclidine or a mixture containing phencyclidine.**

*Definitions.  Give as applicable.*
*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture.  § 893.02(13)(a), Fla. Stat.*
**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis.  It can also be by a combination of extraction and chemical synthesis.**

59

*Deliver. § 893.02(5), Fla. Stat.*

**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*

~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive.~~

**<u>There are two ways to exercise control: actual possession and constructive possession.</u>**

<u>*Actual possession.*</u>

**Actual possession means <u>the person is aware of the presence of the substance and</u> :**

      a.    **The ~~controlled~~ substance is in the hand of or on the person, or**

      b.    **The ~~controlled~~ substance is in a container in the hand of or on the person, or**

      c.    **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

~~*Give if applicable.*~~

~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

<u>*Constructive possession.*</u>

**Constructive possession means the <u>person is aware of the presence of the substance,  the</u> ~~controlled~~ substance is in a place over which the ~~(defendant)~~ <u>person</u> has control, <u>and the person has the ability to control the substance</u> ~~or in which the~~ (defendant) ~~has concealed it.~~**

<u>*Give if applicable.*</u>

**<u>Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.</u>**

*Give if applicable.*

**In order to establish** (defendant's) **constructive possession of a** ~~controlled~~ substance ~~if the controlled substance~~ **that was** ~~is~~ **in a place** ~~over which the~~ (defendant) **[he] [she]** ~~does~~ **did not** ~~have~~ **control, the State must prove** ~~the~~ (defendant~~'s~~) **(1)** **knew that the substance was within [his] [her] presence** ~~has the control over the controlled substance~~ **and (2)** ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ **exercised control or ownership over the substance itself.**

*Joint possession.*

**Possession** **of a substance** **may be** **sole or** **joint, that is, two or more persons may** **be aware of the presence of the substance and may** **jointly** ~~possess an article, exercising~~ **exercise** **control over it. In that case, each of those persons is considered to be in possession of** ~~that article~~ **the substance.**

~~If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the substance, [or]**

**b.** **was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c.** **had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the**

61

**presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant.* Give if applicable. *See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*

~~If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed.~~ **However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*~~Knowledge of the illicit nature of the controlled substance.~~* *Affirmative defense: Lack of knowledge of illicit nature.* Give if applicable. § 893.101(2) and (3), Fla. Stat.

**Lack of knowledge of the illicit nature of a controlled substance is** ~~an affirmative~~ **defense to Trafficking in Phencyclidine.** ~~The defendant~~ (Defendant) **has raised this defense.** ~~You are permitted to presume that~~ (defendant) ~~was aware of the illicit nature of the controlled substance if you find that~~ (defendant) ~~was in actual or constructive possession of the controlled substance.~~

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

**If** ~~from the evidence~~ **you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty of Trafficking in Phencyclidine.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her]not guilty of Trafficking in Phencyclidine.**

*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*

62

~~**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

**If you find the defendant guilty of Trafficking in Phencyclidine, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty. See § 893.135(1)(d)1.a.-c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense. Give if applicable up to extent of charge.*

a. **[The [phencyclidine][mixture containing phencyclidine] weighed 28 grams or more but less than 200 grams.]**

b. **[The [phencyclidine][mixture containing phencyclidine] weighed 200 grams or more but less than 400 grams.]**

c. **[The [phencyclidine][mixture containing phencyclidine] weighed 400 grams or more.]**

## Lesser Included Offenses

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.

| TRAFFICKING IN PHENCYCLIDINE — 893.135(1)(d) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Trafficking offenses requiring lower quantities of phencyclidine | | 893.135(1)(d)1.a and b | 25.9 |
| Possession of a Phencyclidine, if Trafficking via Possession is charged | | 893.13(6)(a) | 25.7 |
| | Attempt except when delivery or conspiracy is charged | 777.04(1) | 5.1 |

**Comment**

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Phencyclidine is not a necessarily lesser-included offense of Trafficking in Phencyclidine via Sale. However, Possession of Phencyclidine is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.

There is no crime of Attempted Delivery because the definition of "delivery" in §893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

### 25.13 TRAFFICKING IN METHAQUALONE
§ 893.135(1)(e), Fla. Stat.

**Certain drugs and chemical substances are by law known as "controlled substances." Methaqualone or any mixture containing methaqualone is a controlled substance.**

64

**To prove the crime of Trafficking in Methaqualone, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **knowingly [possessed] [sold] [purchased] [manufactured] [delivered ] [brought into Florida] a certain substance.**

    ~~[sold]~~
    ~~[purchased]~~
    ~~[manufactured]~~
    ~~[delivered]~~
    ~~[brought into Florida]~~
    ~~[possessed]~~

    ~~a certain substance.~~

2.  **The substance was [methaqualone] [a mixture containing methaqualone].**

3.  **The [methaqualone] [a mixture containing methaqualone] weighed 200 grams or more.**

*If applicable under the facts of the case and pursuant to § 893.135(2), Fla. Stat., instructions on the following elements 1 and 2 should be given instead of elements 1 and 2 above. For example, if it is alleged that the defendant intended to sell heroin but actually sold methaqualone, instructions on elements 1 and 2 below would be given.*

1.  (Defendant) **intended to [sell] [purchase] [manufacture] [deliver] [bring into Florida] [possess]** (an enumerated controlled substance in § 893.135(1), Fla. Stat.)~~,~~**.**

2.  **The defendant actually [sold] [purchased] [manufactured] [delivered] [brought into Florida] [possessed] methaqualone or a mixture containing methaqualone.**

*Sell.*
**"Sell" means to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value.**

*Manufacture.  § 893.02(13)(a), Fla. Stat.*

**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis.  It can also be by a combination of extraction and chemical synthesis.**

*Deliver.  § 893.02(5), Fla. Stat.*

**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship.**

*Possession.*

~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~

~~Possession may be actual or constructive.~~

**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*

**Actual possession means <u>the person is aware of the presence of the substance and</u> :**

    a.  **The ~~controlled~~ substance is in the hand of or on the person, or**

    b.  **The ~~controlled~~ substance is in a container in the hand of or on the person, or**

    c.  **The ~~controlled~~ substance is so close as to be within ready reach and is under the control of the person.**

*~~Give if applicable.~~*

~~Mere proximity to a controlled substance is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

*Constructive possession.*

**Constructive possession means the <u>person is aware of the presence of the substance,  the</u> ~~controlled~~ <u>substance is in a place over which the</u> ~~(defendant)~~ <u>person</u> <u>has control, <u>and the person has the ability to control the substance</u> ~~or in which the~~ (defendant) ~~has concealed it.~~**

*Give if applicable.*

<u>**Mere proximity to a substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control.**</u>

*Give if applicable.*

**In order to establish** (defendant's) **constructive possession of a** ~~controlled~~ **substance** ~~if the controlled substance~~ <u>that was</u> ~~is~~ **in a place** ~~over which the~~ (defendant) **[he] [she]** ~~does~~ <u>did</u> **not** ~~have~~ **control, the State must prove** ~~the~~ (defendant~~'s~~) **(1)** <u>knew that the substance was within [his] [her] presence</u> ~~has the control over the controlled substance~~ **and (2)** ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ <u>exercised control or ownership over the substance itself</u>.

*Joint possession.*

**Possession <u>of a substance</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of the substance and may</u> jointly ~~possess an article, exercising~~ <u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of ~~that article~~ <u>the substance</u>.**

~~**If a person has exclusive possession of a controlled substance, knowledge of its presence may be inferred or assumed.**~~

*Inferences.*
*Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).*
<u>**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**</u>

*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
<u>**If you find that**</u> (defendant)**:**

<u>**a.  had direct physical custody of the substance, [or]**</u>

67

**b. was within ready reach of the substance and the substance was under [his] [her] control, [or]**

**c. had exclusive control of the place where the substance was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where a substance was located, you may not infer [he] [[she] had knowledge of the presence of the substance or the ability to control it, in the absence of other incriminating evidence.**

*A special instruction is necessary where the premises is jointly occupied and the contraband is located in a common area, in plain view, and in the presence of the owner or occupant.* <u>Give if applicable.</u> *See Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*

**If a person does not have exclusive possession of a controlled substance, knowledge of its presence may not be inferred or assumed. However, you may infer that** (defendant) **knew of the presence of the substance and had the ability to control it if [he] [she] had joint control over the place where the substance was located, and the substance was located in a common area in plain view and in the presence of the defendant.**

*Knowledge of the illicit nature of the controlled substance.* <u>Affirmative defense: Lack of knowledge of illicit nature.</u> *Give if applicable. § 893.101(2) and (3), Fla. Stat.*

**Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to Trafficking in Methaqualone. The defendant** (Defendant) **has raised this defense. You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) **was in actual or constructive possession of the controlled substance.**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

68

**If** ~~from the evidence~~ **you are convinced** <u>**beyond a reasonable doubt**</u> **that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** ~~(defendant)~~ **[him] [her] guilty** <u>**of Trafficking in Methaqualone.**</u>

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** ~~(defendant)~~ **[him] [her]not guilty** <u>**of Trafficking in Methaqualone.**</u>

*~~Give if applicable. See McMillon v. State, 813 So. 2d 56 (Fla. 2002).~~*
~~**You are permitted to infer that a person who sells a controlled substance knows of its illicit nature.**~~

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*
**If you find the defendant guilty of Trafficking in Methaqualone, you must further determine by your verdict whether the State has proved beyond a reasonable doubt that:**

*Enhanced penalty.  See § 893.135(1)(e)1.a.-c., Fla. Stat. to verify the weights or amounts specified in the statute, as determined by the date of the offense.  Give if applicable up to extent of charge.*

a.  **[The [methaqualone][mixture containing methaqualone] weighed 200 grams or more but less than 5 kilograms.]**

b.  **[The [methaqualone][mixture containing methaqualone] weighed 5 kilograms or more but less than 25 kilograms.]**

c.  **[The [methaqualone][mixture containing methaqualone] weighed 25 kilograms or more.]**

**Lesser Included Offenses**

<u>Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession of a certain amount of drugs. Each of these alternatives has its own statute for lower quantities of controlled substances. Accordingly, before deciding the appropriate lesser-included offenses, trial judges should review not only the evidence but also the charging document to see what type of trafficking was alleged. For example, if a defendant is charged *only* with Trafficking via Sale, then Possession of a Controlled Substance should not be given as a lesser-included offense.</u>

69

| TRAFFICKING IN METHAQUALONE — 893.135(1)(e)1 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Trafficking offenses requiring lower quantities of methaqualone | | 893.135(1)(e)1.a and b | 25.13 |
| Possession of Methaqualone, if Trafficking via Possession is charged | | 893.13(6)(a) | 25.7 |
| | Attempt except when delivery or conspiracy is charged | 777.04(1) | 5.1 |

## Comment

Trafficking can be committed by sale, purchase, manufacture, delivery, bringing into this state, or actual or constructive possession. The lesser-included offenses depend on what is contained in the charging document and what is supported by the evidence. For example, Possession of Methaqualone is not a necessarily lesser-included offense of Trafficking in Methaqualone via Sale. However, Possession of Methaqualone is a necessarily-lesser included offense if the defendant is charged with Trafficking via Possession.

There is no crime of Attempted Delivery because the definition of "delivery" in §893.03(6) Fla. Stat. includes the attempt to transfer from one person to another. There is no crime of attempted conspiracy. *Hutchinson v. State*, 315 So. 2d 546 (Fla. 2d DCA 1975).

This instruction was adopted in 1981 and amended in 1987 [509 So. 2d 917], 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], 2007 [969 So. 2d 245], 2013 [112 So. 3d 1211], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

70

**25.14 ~~DRUG ABUSE –~~ USE OR POSSESSION <u>WITH INTENT TO USE</u> ~~OF~~ DRUG PARAPHERNALIA**
§ 893.147(1), Fla. Stat.

**To prove the crime of Use or Possession <u>With Intent to Use</u> ~~of~~ Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:**

1.    (Defendant) ~~used or had in [his] [her] possession with intent to use drug paraphernalia~~ <u>knew</u> of the presence of ~~the~~ drug paraphernalia.

2.    (Defendant) ~~had knowledge of the presence of the drug paraphernalia~~ <u>[used the drug paraphernalia] [or] [possessed the drug paraphernalia with intent to use it] to:</u>

      <u>[plant] [propagate] [cultivate] [grow] [harvest] [manufacture] [compound] [convert] [produce] [process] [prepare] [test] [analyze] [pack] repack] [store] contain] [conceal] a controlled substance;</u>

      <u>or</u>

      <u>[inject] [ingest] [inhale] [or] [introduce] a controlled substance into the human body.</u>

*Definitions.*
*Possession.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~
~~Possession may be actual or constructive.~~

<u>There are two ways to exercise control: actual possession and constructive possession.</u>

*<u>Actual possession.</u>*
<u>Actual possession of drug paraphernalia means the person is aware of the presence of the drug paraphernalia and</u>:

      a.    The <u>drug</u> paraphernalia is in the hand of or on the person,

or
b.	The drug paraphernalia is in a container in the hand of or on the person, or
c.	The drug paraphernalia is so close as to be within ready reach and is under the control of the person.

*Give if applicable.*
~~Mere proximity to a paraphernalia is not sufficient to establish control over that paraphernalia when it is not in a place over which the person has control.~~

*Constructive possession.*
Constructive possession of drug paraphernalia means the person is aware of the presence of the drug paraphernalia, the drug paraphernalia is in a place over which the ~~(defendant)~~ person has control, and the person has the ability to control the drug paraphernalia. ~~or in which the~~ (defendant) ~~has concealed it.~~

*Give if applicable.*
Mere proximity to drug paraphernalia is not sufficient to establish control over that drug paraphernalia when the drug paraphernalia is in a place that the person does not control.

*Give if applicable.*
In order to establish (defendant's) constructive possession of ~~a controlled substance if the controlled substance is~~ drug paraphernalia that was in a place ~~over which the~~ (defendant) ~~does~~ [he] [she] did not ~~have~~ control, the State must prove ~~the~~ (defendant's) (1) knew that the drug paraphernalia was within [his] [her] presence ~~control over the controlled substance~~ and (2) ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence.~~ exercised control or ownership over the drug paraphernalia itself.

*Joint possession.*
Possession of drug paraphernalia may be sole or joint, that is, two or more persons may be aware of the presence of the drug paraphernalia and may jointly ~~possess an article, exercising~~ exercise control over it.  In that case, each of those persons is considered to be in possession of ~~that article.~~ the drug paraphernalia.

72

~~If a person has exclusive possession of paraphernalia, knowledge of its presence may be inferred or assumed.~~

~~If a person does not have exclusive possession of paraphernalia, knowledge of its presence may not be inferred or assumed.~~

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1st DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4th DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the drug paraphernalia, [or]**

**b.** **was within ready reach of the drug paraphernalia and the drug paraphernalia was under [his] [her] control, [or]**

**c.** **had exclusive control of the place where the drug paraphernalia was located,**

**you may infer that [he] [she] was aware of the presence of the drug paraphernalia and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where  drug paraphernalia was located, you may not infer [he] [[she] had knowledge of the presence of the drug paraphernalia or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4th DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the drug paraphernalia and had the ability to control it if [he] [she] had joint control over the place where the drug paraphernalia was located, and the drug paraphernalia was located in a common area in plain view and in the presence of the defendant.**

*Drug Paraphernalia.  § 893.145, Fla. Stat.*
**The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting,**

73

ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:

*Give specific definition as applicable.*

1.      Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.

2.      Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.

3.      Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.

4.      Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.

5.      Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.

6.      Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.

7.      Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.

8.      Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.

9.      Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.

10.     Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

**11.** Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

**12.** Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:

    **a.** Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

    **b.** Water pipes.

    **c.** Carburetion tubes and devices.

    **d.** Smoking and carburetion masks.

    **e.** Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

    **f.** Miniature cocaine spoons, and cocaine vials.

    **g.** Chamber pipes.

    **h.** Carburetor pipes.

    **i.** Electric pipes.

    **j.** Air-driven pipes.

    **k.** Chillums.

    **l.** Bongs.

    **m.** Ice pipes or chillers.

*Relevant factors. § 893.146, Fla. Stat.*

**In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1. **Statements by an owner or by anyone in control of the object concerning its use.**

2. **The proximity of the object, in time and space, to a direct violation of this act.**

3. **The proximity of the object to controlled substances.**

4. **The existence of any residue of controlled substances on the object.**

5. **Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.**

6. **Instructions, oral or written, provided with the object concerning its use.**

7. **Descriptive materials accompanying the object which explain or depict its use.**

8. **Any advertising concerning its use.**

9. **The manner in which the object is displayed for sale.**

10. **Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.**

11. **Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.**

**12.** The existence and scope of legitimate uses for the object in the community.

**13.** Expert testimony concerning its use.

*Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
**Knowledge of the illicit nature of the controlled substance is not an element of the offense of** (insert name of offense charged). **Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense.** (Defendant) **has raised this affirmative defense. However, you are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) **was in actual or constructive possession of the controlled substance.**

**If from the evidence you are convinced that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** (defendant) **guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** (defendant) **not guilty.**

## Lesser Included Offenses

| POSSESSION OF DRUG PARAPHERNALIA — 893.147(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1992 [603 So. 2d 1175], 1997 [697 So. 2d 84], and 2007 [969 So. 2d 245], and 2014. See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].

## 25.15 ~~DRUG ABUSE~~ – DELIVERY, POSSESSION WITH INTENT TO DELIVER, OR MANUFACTURE WITH INTENT TO DELIVER DRUG PARAPHERNALIA
§ 893.147(2), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following** ~~(applicable number)~~ **three elements beyond a reasonable doubt:**

1.      (Defendant) **[delivered] [possessed with intent to deliver] [manufactured with intent to deliver] drug paraphernalia.**

>        ~~[delivered]~~
>        ~~[possessed with intent to deliver]~~
>        ~~[manufactured with intent to deliver]~~
>
> ~~drug paraphernalia.~~

*Give only if possession is charged.*
2.      (Defendant) **had knowledge of the presence of the drug paraphernalia.**

3.      (Defendant) **knew or reasonably should have known that the drug paraphernalia would be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body** ~~(specific substance alleged)~~**.**

*Definitions.*
*Possession.  Give if possession with intent to deliver is charged.*
~~To "possess" means to have personal charge of or exercise the right of ownership, management, or control over the thing possessed.~~
~~Possession may be actual or constructive.~~

**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession of drug paraphernalia means the person is aware of the presence of the paraphernalia and:**

a. The <u>drug</u> paraphernalia is in the hand of or on the person, or

b. The <u>drug</u> paraphernalia is in a container in the hand of or on the person, or

c. The <u>drug</u> paraphernalia is so close as to be within ready reach and is under the control of the person.

*Give if applicable.*
~~Mere proximity to a paraphernalia is not sufficient to establish control over that controlled substance when it is not in a place over which the person has control.~~

*Constructive possession.*
**Constructive possession <u>of drug paraphernalia</u> means the <u>person is aware of the presence of the drug paraphernalia, the drug</u> paraphernalia is in a place over which the** ~~(defendant)~~ **<u>person</u> has control, <u>and the person has the ability to control the drug paraphernalia</u>** ~~or in which the (defendant) has concealed it.~~

*Give if applicable.*
**<u>Mere proximity to drug paraphernalia is not sufficient to establish control over that drug paraphernalia when the drug paraphernalia is in a place that the person does not control.</u>**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of** ~~a controlled substance if the controlled substance~~ **<u>drug paraphernalia that was</u>** ~~is~~ **in a place** ~~over which the (defendant)~~ **[he] [she]** ~~does~~ **<u>did</u> not** ~~have~~ **control, the State must prove** ~~the~~ (defendant's) **(1) <u>knew that the drug paraphernalia was within [his] [her] presence</u>** ~~has the control over the controlled substance~~ **and (2)** ~~knowledge that the controlled substance was within the~~ (defendant's) ~~presence~~ **<u>exercised control or ownership over the drug paraphernalia itself</u>.**

*Joint possession.*
**Possession <u>of drug paraphernalia</u> may be <u>sole or</u> joint, that is, two or more persons may <u>be aware of the presence of the drug paraphernalia and may</u> jointly** ~~possess an article, exercising~~ **<u>exercise</u> control over it. In that case, each of those persons is considered to be in possession of** ~~that article~~ **<u>the drug paraphernalia</u>.**

79

**If a person has exclusive possession of a paraphernalia, knowledge of its presence may be inferred or assumed.**

**If a person does not have exclusive possession of a paraphernalia, knowledge of its presence may not be inferred or assumed.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

a. **had direct physical custody of drug paraphernalia, [or]**

b. **was within ready reach of drug paraphernalia and the drug paraphernalia was under [his] [her] control, [or]**

c. **had exclusive control of the place where drug paraphernalia was located,**

**you may infer that [he] [she] was aware of the presence of the drug paraphernalia and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where the drug paraphernalia was located, you may not infer [he] [[she] had knowledge of the presence of the drug paraphernalia or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. See Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the drug paraphernalia and had the ability to control it if [he] [she] had joint control over the place where the drug paraphernalia was located, and the drug paraphernalia was located in a common area in plain view and in the presence of the defendant.**

*Deliver. Give if delivery is charged. § 893.02(5), Fla.Stat.*
**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of paraphernalia, whether or not there is an agency relationship.**

*Manufacture. Give if manufacture is charged. § 893.02(13)(a), Fla.Stat.*
~~**"Manufacture" means the production, preparation, packaging, labeling or relabeling, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance, either directly or indirectly. Manufacturing can be by extraction from substances of natural origin, or independently by means of chemical synthesis. It can also be by a combination of extraction and chemical synthesis.**~~

*Drug Paraphernalia. § 893.145, Fla. Stat.*
The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:

*Give specific definition as applicable.*
1. Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.

2. Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.

3. Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.

4. Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.

5. Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.

6. Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.

81

7.      Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.

8.      Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.

9.      Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.

10.     Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

11.     Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

12.     Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:

a.      Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

b.      Water pipes.

c.      Carburetion tubes and devices.

d.      Smoking and carburetion masks.

e.      Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

f.      Miniature cocaine spoons, and cocaine vials.

g.      Chamber pipes.

h.      Carburetor pipes.

i.      Electric pipes.

j.      Air-driven pipes.

k.      Chillums.

l.      Bongs.

m.      Ice pipes or chillers.

*Relevant factors. § 893.146, Fla. Stat.*
        **In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1.       Statements by an owner or by anyone in control of the object concerning its use.

2.      The proximity of the object, in time and space, to a direct violation of this act.

3.      The proximity of the object to controlled substances.

4.      The existence of any residue of controlled substances on the object.

5.      Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of this act. The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

6.      Instructions, oral or written, provided with the object concerning its use.

7.    Descriptive materials accompanying the object which explain or depict its use.

8.    Any advertising concerning its use.

9.    The manner in which the object is displayed for sale.

10.   Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11.   Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12.   The existence and scope of legitimate uses for the object in the community.

13.   Expert testimony concerning its use.

~~*Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.*~~
~~**Knowledge of the illicit nature of the controlled substance is not an element of the offense of** (insert name of offense charged)**. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense.** (Defendant) **has raised this affirmative defense. However, you are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that** (defendant) **was in actual or constructive possession of the controlled substance.**~~

~~**If from the evidence you are convinced that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find** (defendant) **guilty.**~~

~~**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find** (defendant) **not guilty.**~~

84

| DELIVERY, POSSESSION WITH INTENT TO DELIVER, OR MANUFACTURE WITH INTENT TO DELIVER DRUG PARAPHERNALIA — 893.147(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Possession of Drug Paraphernalia, if Possession of Drug Paraphernalia with Intent is charged | | 893.147(1) | 25.14 |
| | Attempt~~, except when delivery is charged~~ | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1981 and amended in 1989 [543 So. 2d 1205], 1997 [697 So. 2d 84], ~~and~~ 2007 [969 So. 2d 245], and 2014.  ~~See also SC03-629 [869 So. 2d 1205 (Fla. 2004)].~~

### 25.16 ~~DRUG ABUSE~~ DELIVERY OF DRUG PARAPHERNALIA TO A MINOR
§ 893.147(3)(a), Fla. Stat.

**To prove the crime of Delivery of Drug Paraphernalia to a Minor, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Defendant) **delivered drug paraphernalia to** (person alleged)**.**

2.      (Defendant) **knew or reasonably should have known that the drug paraphernalia would be used to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body** ~~(specific substance alleged)~~**.**

3.      **When the delivery was made,** (defendant) **was 18 years old or over and** (person alleged) **was under 18 years old.**

*Definitions.*
~~Deliver. § 893.02)(5), Fla. Stat.~~
~~**"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of paraphernalia, whether or not there is an agency relationship.**~~

*Drug Paraphernalia. § 893.145, Fla. Stat.*

**The term "drug paraphernalia" means all equipment, products, and materials of any kind which are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter. It includes, but is not limited to:**

1. **Kits used, intended for use, or designed for use in planting, propagating, cultivating, growing, or harvesting of any species of plant which is a controlled substance or from which a controlled substance can be derived.**

2. **Kits used, intended for use, or designed for use in manufacturing, compounding, converting, producing, processing, or preparing controlled substances.**

3. **Isomerization devices used, intended for use, or designed for use in increasing the potency of any species of plant which is a controlled substance.**

4. **Testing equipment used, intended for use, or designed for use in identifying, or in analyzing the strength, effectiveness, or purity of, controlled substances.**

5. **Scales and balances used, intended for use, or designed for use in weighing or measuring controlled substances.**

6. **Diluents and adulterants, such as quinine hydrochloride, mannitol, mannite, dextrose, and lactose used, intended for use, or designed for use in cutting controlled substances.**

7.      Separation gins and sifters used, intended for use, or designed for use in removing twigs and seeds from, or in otherwise cleaning or refining, cannabis.

8.      Blenders, bowls, containers, spoons, and mixing devices used, intended for use, or designed for use in compounding controlled substances.

9.      Capsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances.

10.     Containers and other objects used, intended for use, or designed for use in storing or concealing controlled substances.

11.     Hypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body.

12.     Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body, such as:

        a.      Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls.

        b.      Water pipes.

        c.      Carburetion tubes and devices.

        d.      Smoking and carburetion masks.

        e.      Roach clips: meaning objects used to hold burning material, such as a cannabis cigarette, that has become too small or too short to be held in the hand.

        f.      Miniature cocaine spoons, and cocaine vials.

        g.      Chamber pipes.

h.    Carburetor pipes.

i.    Electric pipes.

j.    Air-driven pipes.

k.    Chillums.

l.    Bongs.

m.    Ice pipes or chillers.

*Relevant factors.  § 893.146, Fla. Stat.*

**In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1.    **Statements by an owner or by anyone in control of the object concerning its use.**

2.    **The proximity of the object, in time and space, to a direct violation of this act.**

3.    **The proximity of the object to controlled substances.**

4.    **The existence of any residue of controlled substances on the object.**

5.    **Direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom he knows, or should reasonably know, intend to use the object to facilitate a violation of this act.  The innocence of an owner, or of anyone in control of the object, as to a direct violation of this act shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.**

6.    **Instructions, oral or written, provided with the object concerning its use.**

7.   Descriptive materials accompanying the object which explain or depict its use.

8.   Any advertising concerning its use.

9.   The manner in which the object is displayed for sale.

10.   Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11.   Direct or circumstantial evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12.   The existence and scope of legitimate uses for the object in the community.

13.   Expert testimony concerning its use.

*Knowledge of the illicit nature of the controlled substance. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
Knowledge of the illicit nature of the controlled substance is not an element of the offense of (insert name of offense charged). Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense. (Defendant) has raised this affirmative defense. However, you are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that (defendant) was in actual or constructive possession of the controlled substance.

If from the evidence you are convinced that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find (defendant) guilty.

If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find (defendant) not guilty.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 1981 and amended in 2007 [969 So. 2d 245] and 2014.

### 25.17 CONTRABAND IN COUNTY DETENTION FACILITY
§ 951.22, Fla._Stat.

**To prove the crime of** ~~(crime charged)~~ **Contraband in a County Detention Facility, the State must prove the following** ~~two~~ **three elements beyond a reasonable doubt:**

**1.** (Defendant) **had knowledge of the presence of an item.**

~~[introduced contraband into]~~
~~[knowingly possessed contraband in]~~
~~[gave contraband to an inmate in]~~
~~[received contraband from an inmate in]~~
~~[took contraband from]~~
~~[attempted to take or send contraband from]~~

~~a county detention facility.~~

**2.** (Defendant) ~~did not do so through regular channels as duly authorized by the Sheriff or officer in charge of the facility.~~

*Give as applicable.*

**a. introduced the item into a county detention facility.**

**b. possessed the item upon the grounds of a county detention facility.**

**c. gave the item to an inmate of a county detention facility.**

**d. received the item from an inmate of a county detention        facility.**

**e. took the item from a county detention facility.**

**f. attempted to [take] [send] the item from a county detention facility.**

**3. The item was:**

90

*Give as applicable.*

    **a.** **a written communication to give to or receive from an inmate.**

    **b.** **a recorded communication to give to or receive from an inmate.**

    **c.** **currency or coin to give to or receive from an inmate.**

    **d.** **an article of [food] [clothing] to give to or receive from an inmate.**

    **e.** **a tobacco product.**

    **f.** **a cigarette.**

    **g.** **a cigar.**

    **h.** **a beverage that causes or may cause an intoxicating effect.**

    **i.** **a narcotic, hypnotic, or excitative drug or drug of any kind or nature.**

    **j.** **a controlled substance.**

    **k.** **a firearm.**

    **l.** **any instrumentality customarily used or which is intended to be used as a dangerous weapon.**

    **m.** **any instrumentality of any nature that may be or is intended to be used as an aid in effecting or attempting to effect an escape from a county facility.**

~~**The court now instructs you that for purposes of this offense, "contraband" means:**~~

*Select definition depending upon item alleged.*

~~[any currency or coin]~~
~~[any article of food or clothing]~~
~~[any written or recorded communication]~~
~~[any intoxicating beverage or beverage which causes or may cause an intoxicating effect]~~
~~[any narcotic, hypnotic, or excitative drug]~~

91

[any drug of any kind, including nasal inhalators]

[sleeping pill, barbiturate]

[any controlled substance. [(Item alleged)] is a controlled substance]

[any firearm]

[any instrumentality that may be or is intended to be used as a dangerous weapon]

[any instrumentality that may be or is intended to be used as an aid in attempting to escape].

*Definitions.*

*Give in all cases. § 951.23(1)(a) Fla. Stat.*

"County detention facility" means a county jail, a county stockade, <u>a county work camp,</u> a county prison camp, a county residential probation center, and any other place <u>except a municipal detention facility used by a county or county officer for the detention of persons charged with or convicted of either felony or misdemeanor</u> used by a county or county officer to detain persons charged with or convicted of crimes, including the grounds thereof.

*§ 951.23(1)(b) Fla. Stat.*

<u>"County residential probation center" means a county-operated facility housing offenders serving misdemeanor sentences or first-time felony sentences.</u>

*§ 951.23(1)(d) Fla. Stat.*

<u>"Municipal detention facility" means a city jail, a city stockade, a city prison camp, and any other place except a county detention facility used by a municipality or municipal officer for the detention of persons charged with or convicted of violation of municipal laws or ordinances.</u>

*In event of municipal facility involved, see statute.*

*Definition. Give as applicable.*

To "introduce" means to put inside or into.

*Give when the evidence involves an inmate who is not in the facility.*

**It is unlawful to [give] [receive] a contraband item [to] [from] an inmate of a county detention facility even if the inmate was outside the facility at the time the contraband item was [given] [received].**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*

<u>"Clothing" means things worn to cover the body and limbs.</u>

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*
**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1st DCA 1992).*
**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if tobacco product is alleged. § 210.25(11) Fla. Stat.*
**"Tobacco products" means loose tobacco suitable for smoking; snuff; snuff flour; cavendish; plug and twist tobacco; fine cuts and other chewing tobaccos; shorts; refuse scraps; clippings, cuttings, and sweepings of tobacco, and other kinds and forms of tobacco prepared in such manner as to be suitable for chewing; but "tobacco products" does not include cigarettes or cigars.**

*Give if cigarette is alleged. § 210.01(1) Fla. Stat.*
**"Cigarette" means any roll for smoking, except one of which the tobacco is fully naturally fermented, without regard to the kind of tobacco or other substances used in the inner roll or the nature or composition of the material in which the roll is wrapped, which is made wholly or in part of tobacco irrespective of size or shape and whether such tobacco is flavored, adulterated or mixed with any other ingredient.**

*Give if a drug or controlled substance is alleged.*
**A "drug of any kind" includes [nasal inhalators] [sleeping pills] [barbiturates] [a controlled substance].** (Name of drug or controlled substance) **is a [drug] [controlled substance].**

*Give if firearm is alleged. § 790.001(6) Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [;the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun].**

*Give if possession is alleged.*
**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**

   **a. the object is in the hand of or on the person, or**
   **b. the object is in a container in the hand of or on the person, or**
   **c. the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of an object that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*
**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

   **a. had direct physical custody of the object, [or]**

94

**b. was within ready reach of the object and the object was under [his] [her] control, [or]**

**c. had exclusive control of the place where the object was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where an object was located, you may not infer [he] [[she] had knowledge of the presence of the object or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the object and had the ability to control it if [he] [she] had joint control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. § 893.101(2) Fla. Stat. Give if applicable.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to possession of a controlled substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised management, control, or ownership over the substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense of permission. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1ˢᵗ DCA 1983).*

**It is a defense to the crime of Contraband in a County Detention Facility if the defendant used regular channels and was authorized by the sheriff or officer in charge of the detention facility to [introduce][possess] [give][receive][take][attempt to take or send] the contraband item [into] [from] the facility. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant used regular channels and had authorization from the sheriff or officer in charge of the detention facility, you should find [him] [her] not guilty.**

**If the State proved beyond a reasonable doubt that the defendant did not use regular channels or did not have authorization from the sheriff or officer in charge of the detention facility, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.**

*See 25.2 for definition of "possession."*

**Lesser Included Offenses**

| CONTRABAND IN COUNTY DETENTION FACILITIES — 951.22 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~ Possession of a Controlled Substance if a controlled substance is the contraband alleged | | 893.13(6) | 25.7 |
| | ~~Possession of less than 20 grams of cannabis~~ | ~~893.13(6)(b)~~ | |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |
| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 1987 and amended in 1989 [543 So. 2d 1205] and 2014.

**25.18 CONTRABAND IN JUVENILE [DETENTION FACILITY] [COMMITMENT PROGRAM]**
§ ~~985.4046~~ 985.711, Fla._Stat.

**To prove the crime of ~~[introducing] [removing] [possession] of~~ ~~contraband in a juvenile detention facility~~ Contraband in Juvenile [Detention Facility][Commitment Program], the State must prove the following ~~two~~ three elements beyond a reasonable doubt:**

**1.** (Defendant) **had knowledge of the presence of an item.**

> ~~[introduced contraband into]~~
> ~~[knowingly possessed contraband in]~~
> ~~[gave contraband to a juvenile offender in]~~
> ~~[took contraband from]~~
> ~~[attempted to take or send contraband from]~~
> ~~[sent contraband to]~~

> ~~a [juvenile detention facility] [juvenile commitment program].~~

**2.** (Defendant) ~~did not do so as authorized by the [program policy] [operating procedure] [facility superintendent] [program director] [manager].~~
*Give as applicable.*

   **a.** **possessed an item while upon the grounds of a juvenile [detention facility] [commitment program].**

   **b.** **introduced the item into or upon the grounds of a juvenile [detention facility] [commitment program].**

   **c.** **[took] [attempted to take] [sent] [attempted to send] an item from a juvenile [detention facility] [commitment program].**

97

**d.** [transmitted] [attempted to transmit] an item to a juvenile offender into or upon the grounds of a juvenile [detention facility] [commitment program].

**e.** [caused][attempted to cause] an item to be [transmitted to] [received by] a juvenile offender upon the grounds of a juvenile [detention facility] [commitment program].

**3.** **The item was:**

*Give as applicable.*
**a.** an unauthorized article of [food] [clothing].

**b.** a beverage that causes or may cause an intoxicating effect.

**c.** a controlled substance. (Name of controlled substance alleged) **is a controlled substance.**

**d.** a prescription or nonprescription drug that has a hypnotic, stimulating, or depressing effect.

**e.** a firearm.

**f.** a weapon of any kind.

**g.** an explosive substance.

*Definitions. Give as applicable.*
*§ 985.03(19), Fla. Stat.*
A "juvenile detention facility" is a facility used pending court adjudication or disposition or execution of a court order for the temporary care of a child alleged or found to have committed a violation of law.

A "juvenile commitment program" is a facility used for the commitment of adjudicated delinquents.

"Introduce" means to put inside or into.

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5th DCA 1995).*

98

**"Clothing" means things worn to cover the body and limbs.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1ˢᵗ DCA 1992).*
**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if firearm is alleged. § 790.001(6) Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [;the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun].**

*Give if possession is alleged.*
**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**

    **a. the object is in the hand of or on the person, or**
    **b. the object is in a container in the hand of or on the person, or**
    **c. the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of an object that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised management, control, or ownership over the object itself .**

*Joint possession.*
**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a. had direct physical custody of the object, [or]**

**b. was within ready reach of the object and the object was under [his] [her] control, [or]**

**c. had exclusive control of the place where the object was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

**If** (defendant) **did not have exclusive control over the place where an object was located, you may not infer [he] [[she] had knowledge of the presence of the object or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the object and had the ability to control it if [he] [she] had joint control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. § 893.101(2) Fla. Stat. Give if applicable.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to possession of a controlled substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense of permission. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1st DCA 1983).*

**It is a defense to the crime of Contraband in Juvenile [Detention Facility] [Commitment Program] if the defendant was authorized through program policy or operating procedure or had the permission of the facility superintendent, program director, or manager of the [detention facility] [commitment program] to [possess] [introduce] [take] [attempt to take] [send] [attempt to send] [transmit] [attempt to transmit] [cause to transmit] [attempt to cause to transmit] the contraband item [into] [from] the facility. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant was authorized through program policy or operating procedure or had the permission of the facility superintendent, program director, or manager of the [detention facility] [commitment program], you should find [him] [her] not guilty of Contraband in a Juvenile [Detention Facility] [Commitment Program].**

**If the State proved beyond a reasonable doubt that the defendant did not have authorization through program policy or operating procedure or did not have the permission of the facility superintendent, program director, or**

101

**manager of the [detention facility] [commitment program], you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.**

**"Introduce" means to put inside or into.**

*Possession*
**Possession may be actual or constructive.**

**Actual possession means:**

    a.  **The thing is in the hand of or on the person, or**
    b.  **The thing is in a container in the hand of or on the person, or**
    c.  **The thing is so close as to be within ready reach and is under the control of the person.**

*Give if applicable.*
**Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.**

**Constructive possession means the thing is in a place over which the person has control, or in which the person has concealed it.**

*Give if applicable. See Chicone v. State, 684 So.2d 736 (Fla. 1996).*
**If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing.**

**For purposes of this offense, "contraband" means:**

        **[any unauthorized article of food or clothing]**

        **[any intoxicating beverage or any beverage that causes or may cause an intoxicating effect]**

        **[any controlled substance.** (Substance alleged) **is a controlled substance.]** *See § 893.02(4), Fla.Stat.*

[any prescription or nonprescription drug that has a hypnotic, stimulating, or depressing effect]

[any firearm or weapon of any kind or any explosive substance].

*Give as applicable.*
A "juvenile detention facility" is a facility used pending court adjudication or disposition or execution of a court order for the temporary care of a child alleged or found to have committed a violation of law.

A "juvenile commitment program" is a facility used for the commitment of adjudicated delinquents.

## Lesser Included Offenses

| CONTRABAND IN JUVENILE FACILITY — 985.4046 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt (although some attempts are included as elements) | 777.04(1) | 5.1 |

## Comment

This instruction is based on the text of § 985.4046, Fla.Stat. (1997). In *Chicone v. State*, 684 So.2d 736 (Fla. 1996), the court defined the elements of constructive possession that apply if the defendant has no control over the place where the contraband was found.

This instruction was adopted in March 2000 and amended in 2014.

## 25.20 POSSESSION OF CONTRABAND [IN] [UPON THE] GROUNDS OF A STATE CORRECTIONAL INSTITUTION
§ 944.47(1)(c) Fla. Stat.

To prove the crime of Possession of Contraband [In] [Upon the Grounds of] a State Correctional Facility, the State must prove the following two elements beyond a reasonable doubt:

**1.** (Defendant) **possessed**

103

*Give as applicable.*

**a.** **[written or recorded communication] [currency or coin] [an article of [food][clothing]] that was [given or transmitted] [intended to be given or transmitted] to an inmate of a state correctional institution.**

**b.** **[an intoxicating beverage] [a beverage which causes or may cause an intoxicating effect.]**

**c.** **a controlled substance.** (Name of controlled substance) **is a controlled substance.**

**d.** **any prescription or non-prescription drug having a hypnotic, stimulating, or depressing effect.**

**e.** **[a firearm] [a weapon of any kind] [an explosive substance].**

**f.** **any [cellular telephone] [portable communication device] intentionally and unlawfully introduced inside the secure perimeter of the state correctional institution.**

**2.** **At the time,** (defendant) **was [an inmate] [upon the grounds] of a state correctional facility.**

*Give in all cases. § 944.02(8) Fla. Stat.*
**"State correctional facility" means any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5ᵗʰ DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5ᵗʰ DCA 1995).*

104

**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1ˢᵗ DCA 1992).*

**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if firearm is alleged. § 790.001(6) Fla. Stat.*

**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [;the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun].**

*Give if portable communication device is alleged. § 944.47(1)(a)6 Fla. Stat.*

**The term "portable communication device" means any device carried, worn, or stored which is designed or intended to receive or transmit verbal or written messages, access or store data, or connect electronically to the Internet or any other electronic device and which allows communications in any form. Such devices include, but are not limited to, portable two-way pagers, hand-held radios, cellular telephones, Blackberry-type devices, personal digital assistants or PDA's, laptop computers, or any components of these devices which are intended to be used to assemble such devices. The term also includes any new technology that is developed for similar purposes. [Excluded from this definition is any device having communication capabilities which has been approved or issued by the department for investigative or institutional security purposes or for conducting other state business.]**

*Possession.*
**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**

　　　　a. **the object is in the hand of or on the person, or**
　　　　b. **the object is in a container in the hand of or on the person, or**

     **c.** **the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish** (defendant's) **constructive possession of an object that was in a place [he] [she] did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself .**

*Joint possession.*
**Possession of an object may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the object, [or]**

**b.** **was within ready reach of the object and the object was under [his] [her] control, [or]**

**c.** **had exclusive control of the place where the object was located,**

**you may infer that [he] [she] was aware of the presence of the substance and had the ability to control it.**

106

**If** (defendant) **did not have exclusive control over the place where an object was located, you may not infer [he] [[she] had knowledge of the presence of the object or the ability to control it, in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the object and had the ability to control it if [he] [she] had joint control over the place where the object was located, and the object was located in a common area in plain view and in the presence of the defendant.**

*Affirmative defense: Lack of knowledge of illicit nature. § 893.101(2) Fla. Stat. Give if applicable.*
**Lack of knowledge of the illicit nature of a controlled substance is a defense to the crime of Possession of a Controlled Substance. Accordingly, the defendant is not guilty of possessing a controlled substance if [he] [she] did not know of the illicit nature of the substance.**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty.**

**If you have a reasonable doubt on the question of whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of possession of a controlled substance.**

*Affirmative defense: Authorization. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1ˢᵗ DCA 1983).*

107

**It is a defense to the crime of Possession of Contraband [In] [Upon the Grounds of] a State Correctional Facility if the defendant was authorized by the officer in charge of the correctional institution to possess the item [in] [upon the grounds of] a state correctional institution. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant had authorization from the officer in charge of the correctional institution, you should find [him] [her] not guilty.**

**If the State proved beyond a reasonable doubt that the defendant did not have authorization from the officer in charge of the correctional institution, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.**

**Lesser Included Offenses**

| POSSESSION OF CONTRABAND [IN] [UPON THE] GROUNDS OF A STATE CORRECTIONAL INSTITUTION – 944.47(1)(c) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Possession of a Controlled Substance, if a controlled substance is the contraband alleged | | 893.13 | 25.7 |
| | Possession of a Firearm or a Concealed Weapon By a Convicted Felon, if a firearm or concealed weapon is the contraband alleged and the possessor is an inmate. | 790.23 | 10.15 |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |
| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |
| | Attempt | 777.04(1) | 5.1 |

This instruction was adopted in 2014.

## 25.21 [INTRODUCTION] [REMOVAL] OF CONTRABAND [INTO] [FROM] A STATE CORRECTIONAL INSTITUTION
§ 944.47(1)(a), Fla. Stat.

**To prove the crime of [Introduction] [Removal] of Contraband [into] [from] a State Correctional Institution, the State must prove the following [three] [four] elements beyond a reasonable doubt:**

1. (Defendant) **[introduced into or upon the grounds of] [took] [attempted to [take] [send]] an item [into] [from] a state correctional institution.**

2. (Defendant) **had knowledge of the presence of the item.**

3. **The item was:**

   *Give as applicable.*
   a. **a [written] [recorded] communication.**

   b. **[currency] [or] [coin].**

   c. **an article of [food] [clothing].**

   d. **an intoxicating beverage or a beverage which causes or may cause an intoxicating effect.**

   e. **a controlled substance.** (Name of controlled substance) **is a controlled substance.**

   f. **any prescription or nonprescription drug having a hypnotic, stimulating, or depressing effect.**

   g. **[a firearm] [a weapon of any kind] [an explosive substance].**

109

**h. any [cellular telephone] [or] [portable communication device] intentionally and unlawfully introduced inside the secure perimeter of a state correctional institution].**

*Give element #4 if element #3a, 3b, or 3c is given.*
**4.** (Defendant) **[gave or transmitted] [or] [intended to give or transmit] the [written communication] [recorded communication] [currency] [coin] [article of food] [article of clothing] to an inmate of the state correctional institution.**

*Give in all cases. State Correctional Facility. § 944.02(8) Fla. Stat.*
**"State correctional facility" means any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the Department of Corrections.**

*Give if firearm is alleged. § 790.001(6) Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive [;the frame or receiver of any such weapon] [any firearm muffler or firearm silencer] [any destructive device] [any machine gun].**

*Give if clothing is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5ᵗʰ DCA 1995).*
**"Clothing" means things worn to cover the body and limbs.**

*Give if currency is alleged. State v. Becton, 665 So. 2d 358 (Fla. 5ᵗʰ DCA 1995).*
**"Currency" means money or another commodity which is in circulation as a medium of exchange.**

*Give if weapon is alleged. State v. Fleming, 606 So. 2d 1229 (Fla. 1ˢᵗ DCA 1992).*
**A "weapon" is an instrument that is designed and constructed for use as a weapon, or, if the instrument is capable of being used as a weapon, the defendant used, threatened to use, or intended to use the instrument as a weapon.**

*Give if portable communication device is alleged. § 944.47(1)(a)(6) Fla. Stat.*

**"Portable communication device" means any device carried, worn, or stored which is designed or intended to receive or transmit verbal or written messages, access or store data, or connect electronically to the Internet or any other electronic device and which allows communications in any form. Such devices include, but are not limited to, portable two-way pagers, hand-held radios, cellular telephones, Blackberry-type devices, personal digital assistants or PDA's, laptop computers, or any components of these devices which are intended to be used to assemble such devices. The term also includes any new technology that is developed for similar purposes. [Excluded from this definition is any device having communication capabilities which has been approved or issued by the department for investigative or institutional security purposes or for conducting other state business.]**

*Affirmative defense: Lack of knowledge of illicit nature. § 893.101(2) Fla. Stat. Give if applicable.*

**Lack of knowledge of the illicit nature of a controlled substance is a defense to this charge. Accordingly, the defendant is not guilty of this charge if [he] [she] did not know of the illicit nature of the controlled substance.**

**You are permitted to presume that** (defendant) **was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.**

**If you are convinced beyond a reasonable doubt that** (defendant) **knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proven, you should find [him] [her] guilty.**

**If you have a reasonable doubt as to whether** (defendant) **knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty.**

*Affirmative defense: Authorization. Give if the defendant has satisfied his or her burden of production. See Wright v. State, 442 So. 2d 1058 (Fla. 1ˢᵗ DCA 1983).*

**It is a defense to the crime of [Introduction] [Removal] of Contraband [into] [from] a State Correctional Institution if the defendant used regular channels and was authorized by the officer in charge of the correctional**

111

**institution to [introduce][take][send] the item [into] [from] the state correctional institution. The defendant has raised this defense.**

**If you have a reasonable doubt as to whether the defendant used regular channels and had authorization from the officer in charge of the correctional institution, you should find [him] [her] not guilty.**

**If the State proved beyond a reasonable doubt that the defendant did not use regular channels or did not have authorization from the officer in charge of the correctional institution, you should find [him] [her] guilty, if all the elements of the charge have also been proven beyond a reasonable doubt.**

## Lesser Included Offenses

| [INTRODUCTION] [REMOVAL] OF CONTRABAND [INTO] [FROM] A STATE CORRECTIONAL INSTITUTION – 944.47(1)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Possession of a Controlled Substance, if a controlled substance is the contraband alleged | | 893.13 | 25.7 |
| | Possession of a Firearm or a Concealed Weapon By a Convicted Felon, if a firearm or concealed weapon is the contraband alleged and and the possessor is an inmate. | 790.23 | 10.15 |
| | Carrying a Concealed Firearm | 790.01(2) | 10.1 |
| | Carrying a Concealed Weapon | 790.01(1) | 10.1 |

## Comment

This instruction was adopted in 2014.